**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(CINCINNATI DIVISION)**

|  |  |
|---|---|
| **CHRISTOPHER JOHNSON, TATIANA MANCE, CHRISTOPHER LYMON, MARCUS JOHNSON, VERONICA RENDA**, and individually, and on behalf of all others similarly situated, | CIVIL ACTION NO.  19-686 |
|  | COLLECTIVE AND CLASS ACTION COMPLAINT |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. |  |
| **TRINITY COURIERS, INC., TRINITY COURIERS OF OHIO, INC., RUSH OF OHIO, INC., TRINITY COURIERS OF HOUSTON, INC., TRINITY COURIERS OF KANSAS, INC., TRINITY COURIERS OF ST. LOUIS, INC., TRINITY COURIERS OF SAN ANTONIO, INC., TRINITY COURIERS OF AUSTIN, INC., TRINITY COURIERS OF DFW, INC., TRINITY COURIERS OF MINNESOTA, INC.**, and **TRINITY COURIERS OF DENVER, INC.,** |  |
| Defendants. |  |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Christopher Lymon, Marcus Johnson, Christopher Johnson, Veronica Renda, and

Tatiana Mance ("Plaintiffs") through undersigned counsel, individually, and on behalf of all

persons similarly situated, file this Collective and Class Action Complaint ("Complaint") against

Defendants Trinity Couriers, Inc., Trinity Couriers of Ohio, Inc., Rush of Ohio, Inc., Trinity

Couriers of Houston, Inc., Trinity Couriers of Kansas, Inc., Trinity Couriers of St. Louis, Inc.,

Trinity Couriers of San Antonio, Inc., Trinity Couriers of Austin, Inc., Trinity Couriers of DFW,

Inc., Trinity Couriers of Minnesota, Inc., and Trinity Couriers of Denver, Inc., (collectively,

"Trinity Couriers" or "Defendants"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and under Ohio and Missouri state wage laws.

The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

<u>**INTRODUCTION**</u>

1.     Trinity Couriers supplies last-mile delivery services to Amazon.com, LLC and Amazon Logistics, Inc. (together, "Amazon") via its participation in Amazon's Delivery Service Provider ("DSP") program.  Trinity Couriers employs Delivery Associates – such as Plaintiffs and the proposed Collective and Classes – to deliver packages to Amazon's customers.

2.     This case is about Trinity Couriers' failure to comply with applicable wage laws and to pay its non-exempt Delivery Associates for all time worked – including overtime – as required to meet Amazon's delivery needs and deliver hundreds of Amazon packages each day.

<u>**JURISDICTION AND VENUE**</u>

3.     Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  Defendants and/or their alter egos or subsidiaries reside in and/or conduct business in this District and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

5.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims, because those claims derive from a common nucleus of operative facts.

<u>**PARTIES**</u>

A.     **Plaintiffs**

6.     Plaintiff Christopher Johnson is a citizen of Ohio and resides in Hamilton, Ohio.

Plaintiff worked for Trinity Couriers as a Delivery Associate in Ohio from October 2017 to November 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. A.

7.      Plaintiff Tatiana Mance is a citizen of Ohio and resides in Cincinnati, Ohio. Plaintiff worked for Trinity Couriers as a Delivery Associate in Ohio from August 2018 to October 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. B.

8.      Plaintiff Christopher Lymon is a citizen of Texas and resides in Houston, Texas. Plaintiff worked for Trinity Couriers as a Delivery Associate in Texas from May 2017 to September 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. C.

9.      Plaintiff Marcus Johnson is a citizen of Missouri and resides in Kansas City, Missouri. Plaintiff worked for Trinity Couriers as a Delivery Associate in Kansas from May 2018 until October 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. D.

10.      Plaintiff Veronica Renda is a citizen of Missouri and resides in Ferguson, Missouri. Plaintiff has worked for Trinity Couriers as a Delivery Associate in Missouri from September 2017 to September 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. E.

11.      Plaintiffs and other Delivery Associates are workers engaged in interstate commerce.

**B.      Trinity Couriers**

12.      Trinity Couriers operates as a centralized enterprise that participates in Amazon's DSP program and employs Delivery Associates, such as Plaintiffs, to deliver packages to Amazon

customers.

13.     At all times material to this action, Trinity Couriers has been engaged in commerce or in the production of goods for commerce as defined by the FLSA, and Trinity Couriers' employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce.

14.     Trinity Couriers' annual gross volume of business exceeds $500,000.

15.     The unlawful acts alleged in this Complaint were committed by Trinity Couriers and/or its officers, agents, employees, or representatives, while actively engaged in the management of Trinity Couriers' businesses or affairs and with the authorization of Trinity Couriers.

16.     During times relevant, Plaintiffs were employees of Trinity Couriers and are covered by the FLSA.

17.     During all times relevant, Trinity Couriers is an employer and/or enterprise covered by the FLSA.

18.     During all times relevant, each of the individual Trinity Couriers entities are employers covered by the FLSA.

**i.      The Centralized Nature of Trinity Couriers' Operations**

19.     The Trinity Couriers entities perform related activities through common control and for a common business purpose.

20.     Although Trinity Couriers has organized itself into a number of separately registered companies, there is such a unity of interest and ownership amongst them that the separate personalities of the companies do not exist independently.

21.     The Organizational Chart produced by Trinity Couriers in *Green v. Trinity Couriers, et. al.,* 17-02102 (S.D. Tx.) and submitted as Exhibit F to Plaintiff's Opposed Motion

for Class Certification & Expedited Discovery in that case ("Organizational Chart"), reflects Trinity Couriers' centralized organizational structure. *See* Plaintiff's Opposed Motion for Class Certification & Expedited Discovery, Exh. F, *Green v. Trinity Couriers et al.*, No. 4:17-cv-02102 (S.D. Tex. Jan. 31, 2018) (No. 29-6).

22.     All individually registered Trinity Couriers entities comprise a single integrated enterprise – Trinity Couriers, Inc. – which, according to the Organizational Chart, is a corporation that manages local courier delivery in numerous cities and states across the United States.

23.     The Organizational Chart reflects that Trinity Couriers, Inc. maintains operational control over the various Trinity Couriers entities.

24.     The Organizational Chart reflects that the Trinity Couriers entities are centrally controlled and share the same President, senior management, legal counsel, payroll management, billing management, sales management, and human resources.

25.     The same individuals and entities all benefit financially from the efforts of the Trinity Couriers enterprise.

26.     Despite their corporate forms, the Trinity Couriers entities do not maintain arm's-length relationships between each other.

27.     The Organizational Chart reflects that the Trinity Couriers entities comingle funds and assets – the Organizational Chart notes that the same individuals are responsible for Payroll & Accounts Payables, Accounts Receivable, and Billing Departments across the Trinity Couriers entities. *See id.*

28.     Trinity Couriers also lists the same address and telephone number (*i.e.*, P.O. BOX 47912 San Antonio, Texas 78265, 210-622-7042) on employee earnings statements across entities comprising the single integrated Trinity Couriers enterprise.

29.     Trinity Couriers represents to the public (for example, on websites such as LinkedIn) that it operates an integrated entity.

30.     Trinity Couriers solicits potential employees as a single integrated entity, for example by advertising on online job boards that "[w]e are already in 5 other states and are coming to St. Louis."

31.     Trinity Couriers also shares a singular email server.  Trinity Couriers posts online job advertisements for delivery drivers in multiple states that direct Delivery Associate applicants to an "@trinitycouriers.com" email address.

32.     Additionally, Rush of Ohio, Inc. is one of the entities that comprises a single integrated enterprise – Trinity Couriers, Inc.

33.     Trinity Couriers lists the same address and phone number (*i.e.*, P.O. BOX 47912 San Antonio, Texas 78265, 210-622-7042) on Rush of Ohio, Inc. employee earnings statements that it does on other entities comprising the single integrated Trinity Couriers enterprise.

34.     The Organizational Chart lists John Jackson as Trinity Couriers' Legal Counsel – John Jackson serves as registered agent and/or named incorporator for all Trinity Couriers entities, including Rush of Ohio, Inc.

35.     By performing delivery services for Amazon in numerous cities and states across the United States, Trinity Couriers is an integrated enterprise engaged in commerce or in the production of goods for commerce.

**ii.     Trinity Couriers' Corporate Registered Entities**

36.     Defendant Trinity Couriers, Inc. is a registered Texas corporation, and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas.

37.     Defendant Trinity Couriers of Ohio, Inc. is a registered Ohio corporation and is

headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Cincinnati, Ohio.

38. Defendant Rush of Ohio, Inc. is a registered Ohio corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Cincinnati, Ohio.

39. Defendant Trinity Couriers of Houston, Inc. is a registered Texas corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Houston, Texas.

40. Defendant Trinity Couriers of San Antonio, Inc. is a registered Texas corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in San Antonio, Texas.

41. Defendant Trinity Couriers of Austin, Inc. is a registered Texas corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Austin, Texas.

42. Defendant Trinity Couriers of DFW, Inc. is a registered Texas corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Dallas-Fort Worth, Texas.

43. Defendant Trinity Couriers of Kansas, Inc. is a registered Kansas corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Shawnee, Kansas.

44. Defendant Trinity Couriers of St. Louis, Inc. is a registered Missouri corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in St. Louis, Missouri.

45. Defendant Trinity Couriers of Minnesota, Inc. is a registered Minnesota corporation

and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Minneapolis, Minnesota.

46.    Defendant Trinity Couriers of Denver, Inc. is a registered Colorado corporation and is headquartered at Trinity Couriers' corporate office in Garden Ridge, Texas with facilities in Denver, Colorado.

## COLLECTIVE AND CLASS DEFINITIONS

47.    Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following class:

> All current and former Delivery Associates who were paid by Trinity Couriers to deliver packages for Amazon in the United States during the applicable limitations period (the "FLSA Collective").

48.    Plaintiffs Christopher Johnson and Tatiana Mance bring Counts II, III, IV, and V of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current and former Delivery Associates who were paid by Trinity Couriers to deliver packages for Amazon in Ohio during the applicable limitations period (the "Ohio Class").

49.    Plaintiff Veronica Renda brings Counts VI, and VII, and VIII of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current and former Delivery Associates who were paid by Trinity Couriers to deliver packages for Amazon in Missouri during the applicable limitations period (the "Missouri Class").

50.    The Missouri Class and the Ohio Class are together referred to as the "State Law Classes."

51.    The FLSA Class, the Missouri Class, and the Ohio Class are together referred to as the "Classes."

52.     Plaintiffs reserve the right to redefine the Classes prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### Amazon's Use of Delivery Service Providers Such as Trinity Couriers

53.     Amazon is one of the largest businesses engaged in the interstate shipment of goods in the United States.

54.     Amazon holds itself out as a company able to transport goods across the United States to customers in a short time period.

55.     Amazon is widely known as a company able to transport goods across the United States to customers in a short time period.

56.     Amazon utilizes Delivery Service Providers, such as Trinity Couriers, in order to transport goods across the country to customers in a short time period.

57.     Amazon and Delivery Service Providers, such as Trinity Couriers, are in the business of delivering goods across the United States.

58.     Trinity Couriers participates in Amazon's DSP program, through which it operates a carrier and logistics business in providing vans, dispatchers, and drivers to deliver goods across the United States on behalf of Amazon and its affiliates.  The goods are purchased by customers using Amazon's digital platform (the Amazon.com website).

59.     Trinity Couriers provides delivery services for Amazon at one or more of Amazon's Delivery Stations through the use of Delivery Associates such as Plaintiffs.

60.     Delivery Associates are engaged to fulfill Amazon's nationwide delivery needs.

61.     Amazon and Delivery Service Providers, such as Trinity Couriers, utilize Delivery Associates, such as Plaintiffs, to meet Amazon's nationwide delivery needs and make deliveries of

goods from Amazon Delivery Stations to Amazon customers.

62.     The goods that Delivery Associates deliver from Amazon facilities to Amazon customers originate, or are transformed into their final condition, in a different state than the delivery state.

63.     The goods Delivery Associates deliver from Amazon Delivery Stations to Amazon customers are not transformed or modified during the shipping process.

64.     Delivery Associates deliver goods to Amazon customers in the same condition as they were shipped to the Amazon Delivery Station.

65.     Delivery Associates deliver goods to Amazon customers that were shipped around the United States.

66.     Plaintiffs and other Delivery Associates are not required to have a commercial driver's license as a condition of employment.

67.     Plaintiffs and other Delivery Associates drive vans that weigh less than 10,001 pounds.

68.     Plaintiffs and other Delivery Associates are necessary in order for Amazon goods traveling interstate make it to their final destination – Amazon customers.

## The Nature of Plaintiffs' and Other Delivery Associates' Work

69.     The nature of the work performed by Delivery Associates is similar and standardized at each of the Amazon Delivery Stations where Trinity Couriers provides services for Amazon, as the nature of the work is centrally controlled and directed by both Trinity Couriers and Amazon.

70.     Plaintiffs and other Delivery Associates began their shifts at a designated Amazon Delivery Station, where they picked up their assigned van, a handheld scanning device, and packages.

71.     Plaintiffs and other Delivery Associates were regularly scheduled to work five (5) to six (6) days per week, with shifts that were scheduled for ten (10) hours.

72.     Plaintiffs and other Delivery Associates sometimes worked up to seven (7) days per week.

73.     Although shifts are scheduled for ten (10) hours per day, all of the work-related activities that Plaintiffs and Delivery Associates are and/or were required to and do perform often took ten or more hours per day to complete.

74.     Plaintiffs regularly worked more than forty (40) hours per week.  Plaintiffs observed that other Delivery Associates routinely worked similar hours.

75.     On average, Plaintiffs delivered between approximately 180-260 Amazon packages per shift.  Plaintiffs observed that other Delivery Associates routinely delivered a similar number of packages.

76.     Even after Plaintiffs and other Delivery Associates finished delivering their assigned packages, Trinity Couriers required them to "rescue" other Delivery Associates by going to meet another Delivery Associate in the field to help deliver some of their packages.  Plaintiffs were directed to "rescue" other Delivery Associates and have observed other Delivery Associates also perform rescues.

77.     Prior to returning to the Amazon Delivery Station Plaintiffs and other Delivery Associates had to refuel their vans.  On occasion, Plaintiffs and Delivery Associates had to fuel before starting their route and again after completing their route.

78.     Upon return to the Amazon Delivery Station, Plaintiffs and other Delivery Associates had to unload their vans and check in with Trinity Couriers and Amazon supervisors concerning the day's route.

79. Plaintiffs observed that other Delivery Associates routinely work similar schedules,. Defendant was not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendant effectively required this practice.

**Trinity Couriers Failed to Pay Delivery Associates Properly**

80. Plaintiffs and other Delivery Associates regularly worked more than 40 hours per week.

81. Plaintiffs and other Delivery Associates regularly worked five (5) to six (6) days per week.

82. Trinity Couriers was aware that the Plaintiffs and other Delivery Associates worked more than 40 hours per week, as Plaintiffs and other Delivery Associates often complained to Trinity Couriers.

83. Trinity Couriers did not pay Plaintiffs or Delivery Associates for all hours worked in excess of forty in a workweek and did not pay proper overtime premiums.

84. Trinity Couriers paid its Delivery Associates a fixed amount of pay per day and did not pay overtime premiums for hours worked more than forty in a workweek.

85. In addition, Plaintiff and other Delivery Associates received other forms of compensation for services in addition to the fixed sum of work per day.

86. Trinity Couriers' pay policy, under which Plaintiffs and other Delivery Associates are not compensated for all time worked and are not paid an overtime premium for all hours worked in excess of 40 per workweek, does not comply with the requirements of the Fair Labor Standards Act. *See Hickman v. TL Transportation LLC*, 317 F. Supp. 3d 890 (E.D. Pa. 2018) (granting summary judgment to the plaintiff in holding that a similar scheme by a Delivery Service Provider violated the FLSA).

87.     Plaintiffs and the Delivery Associates were not paid for all hours worked and were not paid overtime, as required by law.

**Trinity Couriers' Failure to Properly Pay Delivery Associates Is Willful**

88.     Trinity Couriers' actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

89.     Despite being able to track Amazon packages to the second, Trinity Couriers has failed to make, keep and preserve records with respect to the Plaintiffs and other Delivery Associates sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

90.     Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over 40 per week, Trinity Couriers does not pay Delivery Associates, such as Plaintiffs, overtime premium compensation for overtime hours worked.

91.     Trinity Couriers knew or, absent its own recklessness should have known, that the Delivery Associates were entitled to such overtime premiums.

92.     Trinity Couriers has failed to pay Plaintiffs and Delivery Associates all overtime compensation owed.

93.     By failing to pay the all overtime compensation owed to Plaintiffs and other Delivery Associates, Trinity Couriers has acted willfully and with reckless disregard of clearly applicable FLSA provisions and applicable state law.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

94.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on

13

behalf of the FLSA Collective defined above.

95. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

96. Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Trinity Couriers' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Trinity Couriers' compensation, timekeeping and payroll practices.

97. Specifically, Trinity Couriers failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

98. The similarly situated employees are known to Trinity Couriers, are readily identifiable, and may be located through Trinity Couriers' business records and the records of any payroll companies Trinity Couriers uses.

99. Trinity Couriers employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

100. Plaintiffs Veronica Renda, Christopher Johnson, and Tatiana Mance bring this

action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the State Law Classes defined above.

101.    The members of the State Law Classes are so numerous that joinder of all members is impracticable.  Upon information and belief, there are more than 75 members of the State Law Classes.

102.    Plaintiffs will fairly and adequately represent and protect the interests of the State Law Classes because there is no conflict between the claims of Plaintiffs and those of the State Law Classes, and Plaintiffs' claims are typical of the claims of the State Law Classes.  Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

103.    There are questions of law and fact common to the proposed State Law Classes, which predominate over any questions affecting only individual Class members, including, without limitation: whether Trinity Couriers has violated and continues to violate the laws of Missouri and Ohio through its policy or practice of not properly paying Plaintiffs and other Delivery Associates for all hours worked, including overtime compensation.

104.    Plaintiffs' claims are typical of the claims of the State Law Classes in the following ways, without limitation: (a) Plaintiffs Christopher Johnson and Tatiana Mance are members of the Ohio Class; (b) Plaintiff Veronica Renda is a member of the Missouri Class; (c) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the State Law Classes; (d) Plaintiffs' claims are based on the same legal and remedial theories as those of the State Law Classes and involve similar factual circumstances; (e) there are no conflicts between the interests of Plaintiffs and the State Law Class members; and (f) the injuries suffered by Plaintiffs are similar to the injuries suffered by the State Law Class members.

105. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the State Law Classes predominate over any questions affecting only individual Class members.

106. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The State Law Classes are readily identifiable from Trinity Couriers' own employment records. Prosecution of separate actions by individual members of the State Law Classes would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Trinity Couriers.

107. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the State Law Class members, while substantial, are not great enough to enable them to maintain separate suits against Trinity Couriers.

108. Without a class action, Trinity Couriers will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the State Law Classes. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiffs and the FLSA Collective)

109.    All previous paragraphs are incorporated as though fully set forth herein.

110.    The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

111.    Trinity Couriers is subject to the wage requirements of the FLSA because it is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

112.    Trinity Couriers is subject to the wage requirements of the FLSA because each of the entities is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

113.    Trinity Couriers is subject to the wage requirements of the FLSA because Trinity Couriers constitutes an enterprise engaged in commerce or in the production of goods for commerce.  *See* 29 U.S.C. § 203(r)(1).

114.    Alternatively, Trinity Couriers is subject to the wage requirements of the FLSA because the Trinity Couriers entities are joint employers pursuant to the FLSA.  *See* 29 C.F.R. § 791.2.

115.    During all relevant times, the members of FLSA Collective, including the Plaintiffs, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

116.    Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

117.    Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation

for all hours worked over forty (40) in a workweek.

118.     Trinity Couriers knowingly failed to compensate Plaintiffs and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week.

119.     Trinity Couriers also failed to create, keep and preserve records with respect to work performed by the Plaintiffs and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

120.     In violating the FLSA, Trinity Couriers acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Violation of the Ohio Minimum Wage Act**
**(On Behalf of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class)**

121.     All previous paragraphs are incorporated as though fully set forth herein.

122.     Overtime compensation due to Ohio workers is governed by Ohio Rev. Code § 4111.03(A).

123.     The Ohio Revised Code requires that employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which the employee is employed.  *See* Ohio Rev. Code § 4111.03(A).

124.     Trinity Couriers willfully failed to pay Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class overtime wages at a rate of one and one-half times their regular rate of pay to which they are entitled under Ohio Rev. Code § 4111.03(A).

125.     By virtue of Trinity Couriers' failure to pay Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class members the legally-required overtime wages for all hours

worked in excess of 40 hours per week, Trinity Couriers willfully violated Ohio Rev. Code § 4111.03(A).

126. Pursuant to Ohio Rev. Code § 4111.10(A), employers who intentionally fail to pay an employee wages in conformance with the Ohio Revised Code shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

127. As a result of Trinity Couriers' willful violations of Ohio law, Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class are entitled to recover from Trinity Couriers their unpaid overtime wages together with the costs of suit.

## COUNT III
### Record Keeping Violation Under Ohio Law
### (On Behalf of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class)

128. All previous paragraphs are incorporated as though fully set forth herein.

129. Defendant failed to maintain records of the Ohio Class Members' hours worked for each day worked.

130. Defendant's failure to maintain such records violate Ohio Const. art. II, § 34a and entitle Plaintiffs Christopher Johnson and Tatiana Mance and Ohio Class Members the remedies provided by that Section as well as Ohio Revised Code § 4111.14.

## COUNT IV
### Unjust Enrichment
### (On Behalf of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class)

131. All previous paragraphs are incorporated as though fully set forth herein.

132. Trinity Couriers has received and benefited from the uncompensated labors of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

133.    At all relevant times hereto, Trinity Couriers devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class without paying overtime compensation for all hours worked.

134.    Contrary to all good faith and fair dealing, Trinity Couriers induced Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

135.    By reason of having secured the work and efforts of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class without paying overtime compensation as required by law, Trinity Couriers enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class.

136.    Trinity Couriers retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

137.    Accordingly, Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class are entitled to judgment in an amount equal to the benefits unjustly retained by Trinity Couriers.

**COUNT V**
**Quantum Meruit**
**(On Behalf of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class)**

138.    All previous paragraphs are incorporated as though fully set forth herein.

139.    Trinity Couriers has received and benefited from the uncompensated labors of Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class.

140.    Trinity Couriers recognized the benefits conferred upon it by Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class.

141.    Trinity Couriers accepted and retained the benefits under circumstances that would render such retention inequitable.

142.    Trinity Couriers has therefore been unjustly enriched, and Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class have been damaged.

143.    Under the theory of quantum meruit, Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class are entitled to damages equal to all unpaid wages due.

144.    The payment requested by Plaintiffs Christopher Johnson and Tatiana Mance and the Ohio Class for the benefits produced by them to Trinity Couriers are based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

### COUNT VI
### Violation of the Missouri Minimum Wage Act
### (On Behalf of Plaintiff Veronica Renda and the Missouri Class)

145.    All previous paragraphs are incorporated as though fully set forth herein.

146.    At all relevant times herein, Plaintiff Veronica Renda and the Missouri Class were entitled to the rights, protections, and benefits provided under Missouri's Minimum Wage Act, Mo. Rev. Stat. § 290.500 *et seq*.

147.    Missouri's Minimum Wage Act regulates, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.  *Id.*

148.    Missouri's Minimum Wage Act requires that employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which the employee is employed.  *See* Mo. Ann. Stat. § 290.505.

149.    At all relevant times herein, Trinity Couriers was and is subject to the overtime requirements under the Missouri Minimum Wage Act because Trinity Couriers is an employer

under Mo. Ann. Stat. § 290.500.

150.     During all relevant times, Plaintiff Veronica Renda and the Missouri Class were covered employees entitled to the above-described protections. *See id.*

151.     Trinity Couriers violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff Veronica Renda and the Missouri Class overtime wages required under Missouri law.

152.     Pursuant to Mo. Rev. Stat. § 290.527, an employer who violates Missouri's Minimum Wage Act shall be liable to the employee for the full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages, as well as for costs and attorney fees.

153.     As a result of Trinity Couriers' willful violations of Missouri law, Plaintiff Veronica Renda and the Missouri Class are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, as well as their costs and attorney's fees incurred in bringing this action.

**COUNT VII**
**Unjust Enrichment**
**(On Behalf of Plaintiff Veronica Renda and the Missouri Class)**

154.     All previous paragraphs are incorporated as though fully set forth herein.

155.     Trinity Couriers has received and benefited from the uncompensated labors of Plaintiff Veronica Renda and the Missouri Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

156.     At all relevant times hereto, Trinity Couriers devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Veronica Renda and the Missouri Class without paying overtime compensation for all hours worked.

157. Contrary to all good faith and fair dealing, Trinity Couriers induced Plaintiff Veronica Renda and the Missouri Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

158. By reason of having secured the work and efforts of Plaintiff Veronica Renda and the Missouri Class without paying overtime compensation as required by law, Trinity Couriers enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Veronica Renda and the Missouri Class.

159. Trinity Couriers retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

160. Accordingly, Plaintiff Veronica Renda and the Missouri Class are entitled to judgment in an amount equal to the benefits unjustly retained by Trinity Couriers.

## COUNT VIII
### Quantum Meruit
### (On Behalf of Plaintiff Veronica Renda and the Missouri Class)

161. All previous paragraphs are incorporated as though fully set forth herein.

162. Trinity Couriers has received and benefited from the uncompensated labors of Plaintiff Veronica Renda and the Missouri Class.

163. Trinity Couriers recognized the benefits conferred upon it by Plaintiff Veronica Renda and the Missouri Class.

164. Trinity Couriers accepted and retained the benefits under circumstances that would render such retention inequitable.

165. Trinity Couriers has therefore been unjustly enriched, and Plaintiff Veronica Renda and the Missouri Class have been damaged.

166.    Under the theory of quantum meruit, Plaintiff Veronica Renda and the Missouri Class are entitled to damages equal to all unpaid wages due.

167.    The payment requested by Plaintiff Veronica Renda and the Missouri Class for the benefits produced by them to Trinity Couriers are based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief individually, and on behalf of all others similarly situated:

a.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.      An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the State Law Classes;

c.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

d.      Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e.      Liquidated damages to the fullest extent permitted under the law;

f.      Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

g.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated: August 20, 2019

Respectfully submitted,

_____

Drew Legando
MERRIMAN LEGANDO WILLIAMS & KLANG,
LLC (ID No.0084209)
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Tel: (216) 522-9000
Fax: (216) 522-9007
drew@merrimanlegal.com

Sarah R. Schalman-Bergen, *pro hac vice
forthcoming*
Krysten Connon, *pro hac vice forthcoming*
Michaela Wallin, *pro hac vice forthcoming*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
sschalman-bergen@bm.net
kconnon@bm.net
mwallin@bm.net

Ryan Allen Hancock, *pro hac vice forthcoming*
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com

*Attorneys for the Plaintiffs and the
Proposed FLSA Collective and State Law Classes*